UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Sandra L. Polin, | ) C/A: 2:12-cv-103-CWH-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Behr Heat Transfer Systems, | ) |
| Defendant. | ) |

Plaintiff, Sandra L. Polin ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action against Defendant, alleging employment discrimination. Liberally construed, Plaintiff's Complaint attempts to assert a claim that she was wrongfully terminated in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101-12213 ("ADA") and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process, based on this Court's lack of subject matter jurisdiction. Plaintiff failed to exhaust her available administrative remedies by bringing a timely charge of discrimination with the South Carolina Human Affairs Commission ("SCHAC") or the Equal Employment Opportunity Commission ("EEOC"), prior to filing this action.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

1

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.

The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore

2

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

Plaintiff's Complaint does not include her age, but alleges that she was a 20-year employee of Defendant and that Behr "accepted my seniority with a total of 32.5 years of service," based on Plaintiff's previous job experience with Cummins Diesel Engine and McCord." ECF No. 1, p. 3. Plaintiff does not explain, but it is assumed that these companies were predecessors of Defendant. Plaintiff alleges that "while working for Behr heat transfer systems I experienced constant harassment, discrimination and intimidation, with management and employees." *Id.* Plaintiff does not provide dates and times of the alleged incidents of harassment and discrimination, and much of her typewritten 1.5-page complaint describes her general dissatisfaction with allegedly extreme and unfair production-based performance demands, and her specific dissatisfaction with an apparent layoff/severance package that Plaintiff recently accepted. Again, the Complaint does not provide specific information about this, but Plaintiff alleges "we were intimidated when made to sign the disclaimer and I was under duress when demanded to sign the severance package and if I did not sign I would be fired." *Id.* Plaintiff's Answers to Rule 26.01 Interrogatories allege that the basis of her claim is "discrimination, harassment, wrongful termination." ECF No. 4. Her civil cover sheet describes this action as "discrimination," "was wrongfully termination." ECF No. 2. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF3) indicates that Plaintiff receives workers' compensation/disability benefits and Plaintiff's Complaint alleges that "because of the stress and duress, and being exposed to lead, cement, and aluminum dust I developed cancer, a chronic cough, and my blood

pressure was extremely high." ECF No. 1, p. 4. Plaintiff also alleges, "I was discriminated against, when I asked to be Moved to a less straineous (sic) position because of my medical condition, I was denied until the Doctor demanded that I be moved." ECF No. 1, p. 3. Plaintiff alleges that this occurred after she "developed 11 hernias which required a wire mesh be implanted in my stomach." *Id.* Plaintiff alleges that "the manager at the time discriminated against me, because of the way that I signed my name with a fish sign he told me I could not sign my name like that any more and if I did I would be terminated. Then he changed his mind and said that I could sign my name any way I wanted to." *Id.*

Plaintiff's Complaint does not allege that Plaintiff pursued and exhausted her administrative remedies, under the ADA and/or Title VII, by bringing a timely administrative charge of discrimination with the SCHAC or the EEOC, prior to filing suit in this Court. Therefore, Plaintiff was ordered to submit Answers to the Court's Special Interrogatories to show that she filed an administrative charge with the SCHAC and/or EEOC asserting that her termination was based on discrimination due to her disability, sex, or religion, or some other related claim of discrimination, and to provide the Court with a copy of her administrative charge and her "right-to-sue" letter. ECF No. 8. Plaintiff's Answers to the Court's Special Interrogatories state that she did not file a SCHAC or EEOC administrative charge and she did not receive a "right-to-sue" letter. ECF No. 12.

## DISCUSSION

Before filing suit in federal district court under the ADA or Title VII, a plaintiff must first exhaust his or her administrative remedies by bringing a timely charge of discrimination

with SCHAC or EEOC.[1]  *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005); *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999); *Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999); *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 136-37 (4th Cir. 1995).  *But see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), in which the United States Supreme Court held, in the context of a Title VII claim, that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."

When an individual asserts a disability discrimination claim, the ADA provides that:

> The powers, remedies, and procedures set forth in sections [42 U.S.C. §] 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9 of this title [*i.e.* Title VII] shall be the powers, remedies, and procedures this subchapter provides to the [Equal Employment Opportunity] Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.

42 U.S.C. § 12117(a).  Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim."  *Davis*, 48 F.3d. at 138 (citing §

---

[1]  The ADA and Title VII establish two possible limitation periods for filing a timely discrimination charge with the EEOC.  *See* 42 U.S.C. § 2000e-5(e)(1).  The standard limitations period for filing a charge is 180 days after the alleged unlawful employment practice.  *Id.*  The limitations period for a discrimination charge is extended to 300 days, however, when state law proscribes the alleged employment practice and the charge has initially been filed with a state or local deferral agency.  Many states and localities have agencies that enforce laws prohibiting employment discrimination.  EEOC refers to these agencies as Fair Employment Practices Agencies ("FEPAs").  In South Carolina, the state law is the South Carolina Human Affairs Law, S.C. Code § 1-13-10 *et seq.* ("SCHAL"), and the state FEPA is the SCHAC.

5

2000e-5(b)).  The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is essential to initiation of a private Title VII suit in federal court." *Id.*  A plaintiff's claim with the EEOC "defines the scope of her subsequent right to institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).  Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit.  *Id. See also EEOC v. Commercial Office Products Co.*, 486 U.S. 107 (1988); *Oscar Mayer & Co. v. Evans*, 441 U.S. 750 (1979).  Thus, an ADA or Title VII plaintiff must first exhaust administrative remedies before filing a claim in federal court.  *Sloop*, 198 F.3d at 148; *Davis*, 180 F.3d at 628 n.3.

The instant Complaint did not allege that Plaintiff received, or was entitled to, a right-to-sue letter.  Plaintiff's Answers to the Court's Special Interrogatories establish that Plaintiff did not obtain a right-to-sue letter pursuant to Title VII.  Furthermore, Plaintiff could not have been entitled to a right-to-sue letter because she never filed an administrative charge alleging an ADA or Title VII violation.  In the context of a Title VII claim, the Fourth Circuit Court of Appeals has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint."  *Davis*, 48 F.3d. at 140.  *See also Puryear v. County of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) ("After a charge is properly filed with the EEOC, the aggrieved person may initiate a civil action based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter.").  Where the complaint does not allege that the plaintiff has complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Davis*, 48 F.3d. at 140 (quoting *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)).  The Fourth Circuit recently reaffirmed that "failure

by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Davis*, 48 F.3d. at 138-40, and noting that, in *Zipes*, the Supreme Court held only that the *untimeliness* of an administrative charge does not affect federal jurisdiction over a Title VII and that *Davis* had noted that the holding in *Zipes* was so limited).

In the instant case, it is clear from Plaintiff's Complaint and Answers to the Court's Special Interrogatories that Plaintiff has failed to exhaust her administrative remedies by filing a charge of discrimination with the EEOC or the SCHAC. There may be some question, under Fourth Circuit precedent, whether Plaintiff's failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction, or simply constitutes a failure to comply with a jurisdictional prerequisite. *Compare Jones*, 551 F.3d at 300 with *Davis*, 48 F.3d at 140. Nonetheless, all of the precedential authority in the Fourth Circuit makes clear that a plaintiff who files an ADA or Title VII claim in federal court, without first exhausting administrative remedies, fails to properly invoke the jurisdiction of the district court. *See Jones*, 551 F.3d at 300; *Davis*, 48 F.3d at 140; *Sloop*, 198 F.3d qt 148. This Court cannot exercise jurisdiction to hear this case, therefore Plaintiff's Complaint should be dismissed.

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case, without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

7

s/Bruce Howe Hendricks
United States Magistrate Judge

February 15, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).