IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sandra L. Polin, | ) | Civil Action No.: 2:12-103-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Behr Heat Transfer Systems, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action against Defendant, her former employer, alleging employment discrimination and hostile work environment. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g) DSC, this matter was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On February 16, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. (Dkt. No. 14). On February 28, 2012, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 16). After carefully considering the record and the relevant law, the Court wholly adopts the Magistrate Judge's Report and Recommendation as the order of this Court.

### Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where a party fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Liberally construed, Plaintiff's Complaint attempts to assert a claim that Plaintiff endured a hostile work environment and was wrongfully terminated in violation of the American with Disabilities Act (ADA) and Title VII of the Civil Rights Act of 1964. (*See* Dkt. No. 1). As thoroughly explained in the Report and Recommendation, the Fourth Circuit has consistently held that a plaintiff may not invoke the jurisdiction of this Court over an ADA claim or a Title VII claim unless the plaintiff first exhausts his or her administrative remedies. *See, e.g., Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005); *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999); *Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999). Because Plaintiff's Complaint did not allege that Plaintiff exhausted her administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") or the South Carolina Human Affairs Commission ("SCHAC"), the Magistrate Judge sent a special interrogatory to Plaintiff inquiring as to whether she had done so. On January 26, 2012, Plaintiff filed her answer to the special interrogatory and indicated that she had not filed a charge with the EEOC or

SCHAC and did not receive a "right-to-sue" letter. (Dkt. No. 11). Accordingly, this Court cannot exercise jurisdiction over this case.[1]

### Conclusion

The Court hereby adopts the Magistrate Judge's Report and Recommendation as the order of this Court. Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 5, 2012
Charleston, South Carolina

---

[1] In her objections to the Report and Recommendation, Plaintiff asks the Court not to enforce the exhaustion requirement because Plaintiff asserts that she was unaware of the requirement. (Dkt. No. 16). However, "ignorance of the law will not excuse any person, either civilly or criminally." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1611 (2010) (quoting *Barlow v. United States*, 8 L.Ed. 728 (1833)). The Court cannot ignore the exhaustion requirement simply because Plaintiff was unaware of it.